IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 9:58 am, Mar 18, 2019*

CARL L. EDWARDS,

    Plaintiff,

      v.

WARDEN CLINTON PERRY, et al.,

    Defendants.

CIVIL ACTION NO.: 5:18-cv-76

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a Complaint under 42 U.S.C. § 1983 to contest certain events which occurred in Waycross, Georgia. Doc. 1. Plaintiff also filed a Motion to Proceed *in Forma Pauperis*. Doc. 2. For the reasons which follow, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint as failing to state a § 1983 claim, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

**BACKGROUND**

Plaintiff used this Court's standard form for prisoners seeking to file a claim under § 1983. Doc. 1 at 1. On the section of the form instructing Plaintiff to describe the factual allegations underlying his action, Plaintiff stated merely, "See record and Document(s) Attach sheets[.]" Id. at 5. For relief, Plaintiff requests "release from prison," a name change, and nominal, compensatory, and punitive damages. Id. at 6.

Plaintiff attached the following documents to his Complaint: (1) a motion filed in Civil Action No. 18-cv-78 in the Superior Court of Macon County entitled "Motion Requesting to

Deny the Respondant(s) [sic] Suc[c]essive or Untimely," id. at 8–9; (2) the certificate of service for that motion, id. at 10–11; (3) notes dated October 19, 2005, and labeled "Exhibit P-4," which appear to be a defense attorney's notes from a meeting with Plaintiff at the Ware County Jail, id. at 12; (4) a June 18, 2018 order from the Macon County Superior Court granting Plaintiff permission to proceed *in forma pauperis* in Civil Action No. 18-cv-78, id. at 13; and (5) the certificate of service accompanying the June 18, 2018 order, id. at 14.  Construing Plaintiff's pleadings liberally from the documents provided, it appears Plaintiff is requesting relief for various constitutional violations related to his 2005 convictions in the Superior Court of Ware County.  Id. at 8.  He argues: (1) the Ware County Superior Court proceedings constituted double jeopardy; (2) there was insufficient evidence to support his conviction; and (3) the statements he made to the police were involuntary and should have been suppressed.  Id.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets, shows an inability to pay the filing fee, and includes a statement of the nature of the action which shows that he is entitled to redress.  Even when the plaintiff is indigent, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  §§ 1915(e)(2)(B)(i)–(ii).  Additionally, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  28 U.S.C. § 1915A.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  § 1915A(b).  A claim is frivolous "if it is 'without arguable merit

2

either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

3

**DISCUSSION**[1]

**I.   Dismissal for Failure to State a Claim**

In order to bring a § 1983 action for damages which "challenge[s] the validity of [an] outstanding criminal judgment[]," a plaintiff must first "prove the unlawfulness of his confinement or conviction."[2]  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  To show an unlawful conviction or confinement, the plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . "  Id. at 486–87.  If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and the sentence has not already been invalidated, the court must dismiss the complaint.  Id. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").  Conversely, "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred."  Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007).

Some § 1983 claims, due to their very nature, are incompatible with the conviction as a matter of law.  Id. at 879.  Other claims, however, can resolve in the plaintiff's favor without disturbing the conviction because, even after a successful claim, there remains an independent

---

[1]   In this review of Plaintiff's pleadings, the Court accepts all of Plaintiff's factual allegations as true.  See Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[2]   Although Heck involved a § 1983 claim seeking money damages, courts have extended Heck to cover claims seeking declaratory or injunctive relief, including release from prison.  See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"construction of the facts that would allow the underlying conviction to stand." Id. For example, Fourth Amendment claims related to unreasonable searches and seizures are not necessarily barred under Heck, even when the evidence was admitted at trial, because "illegal searches may be followed by valid convictions." Harvey v. United States, 681 F. App'x 850, 853 (11th Cir. 2017) (citing Heck, 512 U.S. at 487 n.7) ("[A] suit for damages arising out of an allegedly unreasonable search . . . may proceed even if evidence from the challenged search was introduced in the criminal trial that resulted in the plaintiff's conviction."). This is because other evidence might support the conviction or other legal doctrines (e.g., inevitable discovery, independent source) could provide alternative grounds for admissibility. Harvey, 681 F. App'x at 853 (citing Heck, 512 U.S. at 487 n.7); Pritchett v. Farr, 592 F. App'x 816, 819 (11th Cir. 2014); Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003). In such a circumstance, courts "must 'look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted.'" Harvey, 681 F. App'x at 853–54 (11th Cir. 2017) (quoting Hughes, 350 F.3d at 1160 n.2). "When the circumstances surrounding a conviction cannot be discerned from the record" and it is otherwise "impossible for a court to determine whether a successful § 1983 damages action . . . would necessarily imply that the conviction is invalid," the claim is not barred by Heck. Id. at 853 (quoting Hughes, 350 F.3d at 1160 n.2).

While Plaintiff writes that he "diligently seek(s) relief of his rights being violated," doc. 1 at 9, Plaintiff's allegations challenge the criminal proceedings underlying his sentence. Plaintiff asserts the original indictment issued against him violated the double jeopardy clause of the Constitution by including multiple counts related to the "same or similar offenses." Id. at 8.

Additionally, Plaintiff alleges the evidence against him was both insufficient to convict him and was illegally admitted after a Jackson-Denno hearing.[3] Id. at 8–9.

Plaintiff has offered no evidence to show the underlying conviction for which he seeks relief has been invalidated. In fact, it appears Plaintiff concedes that a state court denied his habeas petition. Id. at 8. He cannot, therefore, bring any claims under § 1983 where a finding in his favor would implicate the constitutionality of his underlying conviction. Both Plaintiff's challenge to the overall sufficiency of evidence and his claim of double jeopardy, if successful, would render his conviction unlawful. See, e.g., Perkinson v. State, 542 S.E.2d 92, 96 (Ga. 2001) (reversing convictions based on a double jeopardy violation); Robinson v. State, 822 S.E.2d 35, 38 (Ga. Ct. App. 2018) (reversing convictions based on insufficient evidence). Accordingly, Heck unquestionably precludes these claims.

Determining whether, based on the record currently before the Court, the suppression of the statements Plaintiff made to police would necessarily invalidate his conviction is more difficult. Plaintiff argues that "this case should not have exceeded [sic] past the Jackson-Denno hearing." Doc. 1 at 9. Whether Plaintiff's claim would necessarily render his conviction invalid depends on what he challenges. If Plaintiff is arguing that the trial court erred in admitting statements made without proper Miranda warnings, an outcome in his favor would not automatically render the conviction invalid. See Benton v. State, 807 S.E.2d 450, 454 n.8 (Ga. 2017) (acknowledging that a conviction is not automatically reversible when a confession used at

---

[3] Named for the United States Supreme Court case Jackson v. Denno, 378 U.S. 368 (1964), a Jackson-Denno hearing occurs when a criminal defendant seeks to have her own statements suppressed. See, e.g., Metheny v. State, 400 S.E.2d 25, 28–29 (Ga. Ct. App. 1990). Jackson-Denno hearings consider whether the statements were voluntarily made, in light of the totality of the circumstances. Issues surrounding Miranda warnings are often a part of this determination. See id.; see also Miranda v. Arizona, 384 U.S. 436, 453 (1966).

trial violated Miranda as long as the error was "harmless beyond a reasonable doubt"). Conversely, a challenge to the use of a coerced confession at trial would. Metheny v. State, 400 S.E.2d 25, 28–29 (Ga. Ct. App. 1990) (noting that admission of a coerced confession at trial is a constitutional error requiring reversal).

The record, however, contains one additional allegation which allows the Court to determine whether Plaintiff's claim is Heck-barred. Plaintiff asserts the "sole purpose" of the Jackson-Denno hearing was to "suppress the state's critical evidence[,]" thus conceding the "critical" nature of the evidence at issue. Doc. 1 at 9. The improper admission of critical evidence is not an error that can be harmless beyond a reasonable doubt, as is required for a Miranda violation to be compatible with a conviction. Rather, a finding that the admission of such evidence violated Plaintiff's rights would challenge the constitutionality of his conviction. Plaintiff's claim is, thus, impermissible under Heck.

For these reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

---

[4]  A certificate of appealability is not required in this § 1983 action.

context must be judged by an objective standard.  <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a § 1983 claim, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 2.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  <u>See</u> 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA