# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| CARL L. EDWARDS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:18-cv-76 |
| | * | |
| v. | * | |
| | * | |
| WARDEN CLINTON PERRY, et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 3. For the reasons which follow, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff in forma pauperis status on appeal.

Plaintiff originally filed this action under 42 U.S.C. § 1983 to challenge allegedly unconstitutional practices which occurred in Ware County Superior Court. Dkt. No. 1. Specifically, Plaintiff argued his conviction violated the constitutional protections against double jeopardy and was

supported by insufficient evidence and that statements he made during a police interrogation should have been suppressed.

The Magistrate Judge found that all three of Plaintiff's constitutional challenges, if successful, would render his underlying state conviction invalid. Dkt. No. 3, pp. 4-7. Accordingly, the Magistrate Judge determined that Plaintiff's Complaint was barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994). Id. The Magistrate Judge noted that, while Plaintiff's first two challenges were unquestionably barred by Heck, Plaintiff may be able to bring a § 1983 action regarding his self-incriminating statements if his conviction could still be supported on other, alternative grounds. Id. at p. 6. However, the Magistrate Judge determined that Plaintiff's self-incriminating statements constituted "critical evidence" in Plaintiff's criminal case. Id. at p. 7. Accordingly, the Magistrate Judge found that Plaintiff's Complaint cannot move forward under Heck and recommended the Court dismiss the action. Id.

In response, Plaintiff filed a pleading entitled "Order to File Complaint(s) for Unlawful Arrest-Indictment-Sentencing From Ware County & WPD & Courts."[1] Dkt. No. 5, p. 1. Plaintiff writes that Defendants illegally arrested and coerced him into

---

[1] Plaintiff's second responsive filing, dkt. no. 6, is merely a duplicate of his first responsive filing, dkt. no. 5. The Court, therefore, **ORDERS** the Clerk's Office to strike the duplicative filing, dkt. no. 6, from the record.

2

pleading guilty to two counts of felony murder and robbery on May 12, 2008. Id. at pp. 1-4. Additionally, Plaintiff attaches 39 pages of court documents related to his criminal cases in Ware County Superior Court. Id.

Nothing in Plaintiff's subsequent filings alters the Magistrate Judge's original conclusion. Rather, the additional court documents provide even stronger evidence that a determination that Plaintiff's interrogation violated the Constitution would be incompatible with his underlying conviction. Specifically, Plaintiff's attached documents contains a letter from his appointed counsel in the underlying criminal case. Dkt. No. 5-1, p. 27. In that letter, Plaintiff's attorney avers that the "only evidence of any weight" against Plaintiff "is the statement that [Plaintiff] made to the police." Id. This lends even more weight to the Magistrate Judge's conclusion that Plaintiff's challenge to self-incriminating statements, if successful, would invalidate his underlying conviction. Thus, his Complaint is barred by Heck and must be dismissed.

**SO ORDERED**, this 2 day of May, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)